UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

04cv40088

| | |
|---|---|
| In re<br><br>ACT MANUFACTURING, INC. et al.,<br><br>Debtors. | Chapter 11<br>Case No. 01-47641-JBR<br>(Substantively Consolidated) |
| CRAIG R. JALBERT, LIQUIDATING CEO, AS REPRESENTATIVE OF THE ESTATE OF THE CONSOLIDATED DEBTORS,<br><br>Plaintiff,<br><br>v.<br><br>ALCATEL USA MARKETING, INC.,<br><br>Defendant. | Adversary Proceeding<br>No. 03-4741 |

## DEFENDANT'S MOTION FOR LEAVE TO APPEAL AND REQUEST FOR ORAL ARGUMENT

Defendant Alcatel USA Marketing, Inc. ("Marketing") hereby moves, pursuant to 28 U.S.C. § 158(a)(3) and Fed. R. Bankr. P. 8003, for an order of the United States District Court for the District of Massachusetts granting Marketing leave to appeal (the "Appeal Motion") the order of the United States Bankruptcy Court for the District of Massachusetts (the "Bankruptcy Court") denying the *Motion of Defendant Alcatel USA Marketing, Inc. for Leave to File Amended Answer* (the "Amendment Motion") entered on May 12, 2004 (the "Order"), a copy of which is annexed hereto as Exhibit A.

In the event that an opposition to this Motion is timely filed, Marketing requests pursuant to LR 7.1(D) that this Court schedule oral argument on this Motion and any such opposition.

1

any dispositive motions. This Court's *Pretrial Order* did not, however, establish any deadline for the parties to amend any of their respective pleadings.

6. On April 29, 2004, the parties, through their counsel, conducted a Rule 26(f) conference by telephone. During the conference, Marketing requested, as it had earlier advised Jalbert that it would, that Jalbert assent to Marketing's filing of an *Amended Answer* to include the affirmative defenses of *res judicata*, estoppel, and release. Jalbert, through his counsel, refused to assent to Marketing's request.

7. On or about May 4, 2004, Marketing filed and served the Amendment Motion pursuant to Fed. R. Bankr. P. 7015 and Fed. R. Civ. P. 15(a), wherein Marketing sought leave to amend the Answer in order to assert the affirmative defenses of *res judicata*, estoppel, and release (the "Affirmative Defenses"), without adding or changing any of Marketing's responses to the allegations in the Complaint, and without seeking to add any counterclaims as and against the Debtor or the Debtor's bankruptcy estate.

8. Prior to the filing and service of the Amendment Motion, Marketing had advised Jalbert of the bases of the additional affirmative defenses Marketing sought to add by amending its Answer. Specifically, Marketing advised Jalbert that the affirmative defenses of *res judicata* and estoppel arise from the fact that neither the *Second Amended Joint Plan of Liquidation Under Chapter 11 of the Bankruptcy Code of the Debtors and the Official Committee of Unsecured Creditors Dated May 12, 2003 as Modified*, nor the *Second Amended Disclosure Statement for the Second Amended Joint Plan of Liquidation Under Chapter 11 of the Bankruptcy Code of the Debtors and the Official Committee of Unsecured Creditors Dated May 12, 2003 as Modified* that described it (together, the "Confirmation Documents"), discussed any analysis of potential claims under Bankruptcy Code § 547(b) that the Debtors may seek to

pursue, much less the claim under Bankruptcy Code § 547(b) that Jalbert has brought against Marketing. See Browning v. Levy, 283 F.3d 761 (6th Cir. 2002); P.A. Bergner & Co. v. Bank One, Milwaukee, N.A. (In the Matter of P.A. Bergner & Co.), 140 F.3d 1111 (7th Cir. 1998); D&K Properties Crystal Lake v. Mutual Life Ins. Co. of New York, 112 F.3d 257 (7th Cir. 1997); Mickey's Enterprises, Inc. v. Saturday Sales, Inc. (In re Mickey's Enterprises, Inc.), 165 B.R. 188 (Bankr. W.D. Tex. 1994). Based on the foregoing, Marketing asserted that the affirmative defenses of *res judicata* and estoppel are both meritorious, and fully dispositive of the claims asserted in this adversary proceeding.

9. Similarly, Marketing advised Jalbert that the affirmative defense of release arises from the fact that in a *Settlement Agreement* dated July 15, 2003 (which is governed by the laws of the Commonwealth of Massachusetts) and approved by the Bankruptcy Court by order dated July 16, 2003, the Debtors released any and all claims that they had against Alcatel USA, Inc. ("Alcatel USA"), which is Marketing's parent company, as well as any and all claims that they had against Alcatel USA's subsidiaries and affiliates, with the limited exception of claims against Alcatel USA – but not Marketing or any other subsidiary or affiliate of Alcatel USA – under Bankruptcy Code § 547(b). Based on the foregoing, Marketing believes that the affirmative defense of release is also meritorious, and fully dispositive of the claims asserted in this adversary proceeding.

10. On or about May 10, 2004, Jalbert filed and served the *Plaintiff's Opposition to Alcatel USA Marketing, Inc.'s Motion for Leave to File Amended Answer* (the "Objection") wherein Jalbert asserted that the Affirmative Defenses were futile, and further that Marketing had otherwise waived the same by entering into the Stipulation.

11. On May 12, 2004, the Bankruptcy Court held a hearing on the Amendment Motion and the Objection, at which time the Bankruptcy Court denied the Amendment -- without reaching the merits of the Affirmative Defenses in consideration of Jalbert's futility argument -- solely on the basis that Marketing had waived its right to amend the Answer by virtue of the Stipulation, notwithstanding the *wholly* procedural nature of the terms of the Stipulation, and the total absence of any express substantive waiver by Marketing therein. Based upon the foregoing, and in light of the freedom with which relief is to be granted under Fed. R. Civ. P. 15(a), Marketing has filed contemporaneously with this Motion its *Notice of Appeal* and its *Election to Have Appeal Heard by the United States District Court* wherein Marketing seeks an appellate order of the United States District Court for the District of Massachusetts reversing the Order.

12. As of the date of the hearing of the Amendment Motion, and as of the date of this Motion, the parties have not exchanged any discovery requests or conducted any depositions.

## Statement of Appellate Questions

13. Without waiving its right to further add, clarify, and/or restate the issues or issues to be presented on appeal, Marketing states that the initial issue to be presented on appeal is whether the Bankruptcy Court abused its discretion in denying the Amendment Motion when the Amendment Motion sought to assert meritorious defenses, and was filed thirty-five (35) days after the original pleading was filed and served, and at a time before either party had begun discovery.

## Statement of Appellate Relief Requested

14. Without waiving its right to further add, clarify, and/or restate the appellate relief requested, Marketing states that it seeks an appellate order of this Court reversing the Order and granting Marketing leave to file an amended answer.

## Statement of Reasons for Granting Appeal

### I. The Court Should Grant Marketing Leave to Appeal the Order Because an Interlocutory Appeal of the Order is Warranted Under the Circumstances

This Court should grant Marketing leave to appeal the Order because such an appeal involves controlling questions of law, and moreover a favorable appellate decision for Marketing would materially advance the ultimate termination of this adversary proceeding. An exercise of this Court's discretion under 28 U.S.C. § 158(a)(3) to hear an appeal from an interlocutory order of a bankruptcy court is warranted when: (i) the challenged order involves a controlling question of law; (ii) as to which there is a substantial difference of opinion; and (iii) an appeal of that interlocutory order may materially advance the ultimate termination of the litigation. See Fleet Data Processing Corp. v. Branch (In re Bank of New England Corp.), 218 B.R. 643, 652 (B.A.P. 1st Cir. 1998). Since the Order involves an amendment of the Answer to add affirmative defenses involving questions of law that may very well dictate the outcome, or otherwise trigger the termination of this adversary proceeding, the Court should grant Marketing leave to appeal the Order.

#### A. The Court Should Grant Marketing Leave to Appeal the Order Because the Order Involves Controlling Questions of Law

The Court should grant Marketing leave to appeal the Order because the Order involves controlling issues of procedural and substantive law that may control the outcome of this adversary proceeding, and that warrant this Court's immediate attention to prevent Marketing from suffering substantial expense and prejudice while awaiting the outcome of the trial of the adversary proceeding. For the purposes of exercising the Court's discretion under 28 U.S.C. § 158(a)(3), the question of law at issue must be so central to the other claims asserted in an adversary proceeding that the resolution of that issue effectively determines the resolution of the remaining claims in that adversary proceeding. See Bank of New England, 218 B.R. at 653.

6

Since a determination of the merits of the Affirmative Defenses may ultimately extinguish all claims against Marketing in this adversary proceeding, this Court should grant Marketing leave to appeal the Order.

It is well settled in the jurisprudence of the Commonwealth of Massachusetts that the law favors the enforcement of releases, see Sharon v. City of Newton, 769 N.E.2d 738, 744 (Mass. 2002), and that a party may contractually exempt itself from present, and even future liability to another, see id. Therefore, when two parties enter into a valid and binding contract in which one or more of those parties grants to the other a general release of all claims, that release may be asserted as complete and total bar to recovery by the other party. See Schuster v. Baskin, 236 N.E.2d 205, 208 (Mass. 1968) (release covering "all claims and demands" given preclusive effect even when parties not aware of all claims in existence at time of execution of release). Moreover, during the confirmation process in their Chapter 11 proceedings, the Debtors ratified their release of the claims asserted against Marketing, and as a result, Jalbert, as the estate representative, is now estopped, or is otherwise precluded under principles of *res judicata* from pursuing those released claims. See e.g., Browning v. Levy, 283 F.3d 761 (6th Cir. 2002); P.A. Bergner & Co. v. Bank One, Milwaukee, N.A. (In the Matter of P.A. Bergner & Co.), 140 F.3d 1111 (7th Cir. 1998); D&K Properties Crystal Lake v. Mutual Life Ins. Co. of New York, 112 F.3d 257 (7th Cir. 1997); Mickey's Enterprises, Inc. v. Saturday Sales, Inc. (In re Mickey's Enterprises, Inc.), 165 B.R. 188 (Bankr. W.D. Tex. 1994). Consequently, it is clear that the Affirmative Defenses that Marketing seeks to add to the Answer at this time are among those defenses that, when successful, stand as complete bars to recovery by the plaintiff as a matter of law.

7

In his Complaint, Jalbert asserted a claim against Marketing pursuant to Bankruptcy Code §§ 547(b) and 550 for the avoidance and recovery of certain alleged preferential transfers to Marketing by the Debtors (the "Preference Claims"). The addition to the Answer, and a successful assertion of the Affirmative Defenses, may very well determine the entire outcome of this adversary proceeding, without the need of burdening either party with the costs and delay of protracted discovery or a trial in the Bankruptcy Court as to Marketing's liability to the Debtors' estate. Given the claims against it, Marketing may, if it prevails with the Affirmative Defenses, resolve *all* claims against it as a matter of law in the summary judgment context. Therefore, the Court should grant Marketing leave to appeal the Order because the subject matter of the Order involves a question of law that may control the outcome of this adversary proceeding.

### B. The Court Should Grant Marketing Leave to Appeal the Order Because a Reversal of the Order May Materially Advance the Termination of This Adversary Proceeding

The Court should grant Marketing leave to appeal the Order because an appellate disposition of the Order favorable to Marketing may materially advance the ultimate termination of this adversary proceeding. A reversal of an interlocutory order of a bankruptcy court in an adversary proceeding materially advances the ultimate termination of that litigation when that reversal may bring about the end of the adversary proceeding. See Bank of New England, 218 B.R. at 654. Since the determination of whether the Order was issued in error may more quickly eliminate all claims against Marketing and bring an end to the entire adversary proceeding, this Court should grant Marketing leave to appeal the Order.

As set forth above, the doctrines of release, *res judicata*, and estoppel are each discrete questions of law, based upon virtually undisputed facts which are substantially, if not entirely independent of those alleged in the Complaint, and each may potentially bar any recovery in this adversary proceeding. Therefore, the Court should grant Marketing leave to appeal the Order

8

because a reversal of the Order may lead to the extermination of all claims asserted against Marketing and may therefore materially advance the ultimate termination of this adversary proceeding without the need for protracted discovery or a trial.

## II. The Court Should Grant Marketing Leave to Appeal the Order Under the Collateral Order Doctrine

The Court should grant Marketing leave to appeal the Order at this time under the collateral order doctrine because a reversal of the Order would permit the conclusive determination of important legal questions which are completely separate from the merits of the underlying action, and which are effectively unreviewable on appeal from a final judgment. Therefore, this Court should grant Marketing leave to appeal the Order so as to avoid substantial costs and prejudice to Marketing, and to the unsecured creditors of the Debtors' consolidated bankruptcy estate arising form the incidence of potentially substantial and unnecessary professional fees and other expenses.

The United States Court of Appeals for the First Circuit has stated that the application of the collateral order doctrine is appropriate to review "orders that (1) conclusively determine (2) important legal questions which are (3) completely separate from the merits of the underlying action and are (4) effectively unreviewable on appeal from a final judgment." See Petralia v. AT&T Global Info. Solutions Co., 114 F.3d 352, 354 (1st Cir. 1997). Here, the Bankruptcy Court, in making its determination of the Order under Fed. R. Bankr. P. 15 and Fed. R. Civ. P. 15(a) regarding the Affirmative Defenses, effectively foreclosed Marketing from asserting legal defenses that, if successful, would conclusively determine the outcome of this adversary proceeding. Bank of New England, 218 B.R. at 650. Additionally, the Affirmative Defenses are based on legal arguments and facts that are "essentially unrelated to the merits of the main dispute," id., and, since the denial of the Amendment Motion would force Marketing to try the

9

adversary proceeding to judgment before raising the Order on appeal of the Bankruptcy Court's final order, subjecting both parties to substantial delay and expense, Marketing submits that the Order is effectively unreviewable on appeal from any final judgment. Therefore, this Court should grant Marketing leave to appeal the Order under the collateral order doctrine.

**WHEREFORE**, Marketing respectfully requests that this Court enter an order: (i) granting Marketing leave to appeal the Order; (ii) in the event that an opposition to this Motion is timely filed, scheduling a hearing for oral argument of this Motion and any such opposition; and (iii) granting to Marketing such other and further relief as the Court deems proper and just.

> ALCATEL USA MARKETING, INC.
>
> By its attorneys,
>
> /s/ Michael J. Fencer
> _____
> Bruce F. Smith (BBO No. 467900)
> Steven C. Reingold (BBO No. 638649)
> Michael J. Fencer (BBO No. 648288)
> JAGER SMITH P.C.
> One Financial Center
> Boston, Massachusetts 02111
> telephone: (617) 951-0500
> facsimile: (617) 951-2414
> email: mfencer@jagersmith.com
>
> - and -
>
> Joseph A. Friedman, Esq. (Admitted PHV)
> KANE, RUSSELL, COLEMAN & LOGAN, P.C.
> 3700 Thanksgiving Tower
> 1601 Elm Street
> Dallas, Texas 75201
> telephone: (214) 777-4200
> facsimile: (214) 777-4299
> email: friedmj@krcl.com

Dated: May 13, 2004

## CERTIFICATE OF SERVICE

I, Michael J. Fencer, hereby certify that on the 13th day of May, 2004, I caused a true and accurate copy of the within *Defendant's Motion for Leave to Appeal and Request for Oral Argument* to be served upon counsel for plaintiff, Douglas R. Gooding, Esq. and Joseph M. Downes III, Esq., Choate, Hall & Stewart, Exchange Place, 53 State Street, Boston, Massachusetts 02109, via first class mail, postage prepaid.

/s/ Michael J. Fencer
_____
Michael J. Fencer

# EXHIBIT A

Case 4:04-cv-40088-PBS   Document 3   Filed 05/13/2004   Page 11 of 12

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
### Proceeding Memorandum/Order

In Re: Jalbert v. Alcatel USA Marketing, Inc.

Case Number: 03-04741 ( JBR )

MOVANT/APPLICANT/PARTIES

Chapter:

In re ACT MANUFACTURING, INC., 01-47641
#9 Motion of Defendant, Alcatel USA Marketing, Inc. for Leave to File Amended Answer and #20 Opposition of Plaintiff
Steven C. Reingold and Joseph A. Friedman for Defendant
Joseph M. Downes for Plaintiff

## COURT ACTION:

Show Cause Order _____ Released _____ Enforced
_____ Granted _____ Approved _____ Moot
#9 **Denied** _____ Denied without Prejudice
_____ Withdrawn in Open Court
_____ Sustained _____ Overruled
_____ Continued to:
_____ Proposed Order to be Submitted by:
_____ Stipulation to be Submitted by:
_____ Taken Under Advisement

## DECISION SET OUT MORE FULLY BY COURT AS FOLLOWS:

For the reasons set forth on the record, the Motion is denied.

SO ORDERED:

*Joel B. Rosenthal*       Dated: 5/12/04
Joel B. Rosenthal