UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(Western Division)

04cv40088 PBS

| | |
|---|---|
| In re:<br><br>ACT MANUFACTURING, INC, et al.,<br><br>Debtors. | Chapter 11<br>Case No. 01-47641 (JBR)<br>(Substantively Consolidated) |
| CRAIG R. JALBERT,<br>LIQUIDATING CEO, AS<br>REPRESENTATIVE OF THE ESTATE<br>OF THE CONSOLIDATED DEBTORS,<br><br>       Plaintiff,<br><br>    v.<br><br>ALCATEL USA MARKETING, INC.,<br><br>       Defendants. | Adversary Proceeding<br>No. 03-04741 |

## OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO APPEAL AND REQUEST FOR ORAL ARGUMENT

Plaintiff, Craig R. Jalbert, the duly-appointed Liquidating CEO (the "LCEO") of ACT

Manufacturing, Inc. and the other debtors herein (the "Debtors"), hereby opposes (the

"Opposition") Alcatel USA Marketing, Inc.'s (the "Defendant") motion for leave to appeal and

request for oral argument (the "Motion").  Pursuant to the Motion, the Defendant seeks leave of

the Court to appeal the interlocutory Bankruptcy Court order denying the *Motion of Defendant*

*Alcatel USA Marketing, Inc. for Leave to File Amended Answer* (the "Amendment Motion").

Plaintiff requests that the District Court deny the Motion because:

which [D]efendant must answer or otherwise move as to the [C]omplaint in the above captioned

adversary proceeding be extended for a period of sixty (60) days, through and including March

30, 2004. The [P]arties agree that *there shall be no further extensions*." Stipulation at ¶ 1

(emphasis added). The Bankruptcy Court entered an endorsement order approving the

Stipulation on January 23, 2003.

       4.     On March 29, 2004, the Defendant filed its answer (the "Answer"), which, *inter*

*alia*, set forth five affirmative defenses to the Complaint.

       5.     On April 2, 2004, the Bankruptcy Court entered a pretrial order (the "Pretrial

Order"), which, *inter alia*, required the Parties to confer pursuant to Fed. R. Civ. P. 26(f) ("Rule

26(f)") on or before May 3, 2004.

       6.     By letter dated April 28, 2004, Defendant requested that Plaintiff assent to its

filing of an amended answer.

       7.     In compliance with the Pretrial Order, the Parties conferred pursuant to Rule 26(f)

(the "Rule 26(f) Conference") on April 29, 2004. During the Rule 26(f) Conference, Plaintiff's

counsel denied the Defendant's request to assent to its filing an amended answer and informed

the Defendant of the Plaintiff's intent to object to any such attempt to seek leave of the

Bankruptcy Court to amend the Answer for the reasons set forth herein.

       8.     On April 30, 2004, Defendant filed the Amendment Motion, requesting that the

Bankruptcy Court grant it leave to amend the Answer. The Defendant attached to the

Amendment Motion the proposed amended answer, which set forth the additional affirmative

defenses of res judicata, estoppel and release (each a "New Affirmative Defense" and

collectively, the "New Affirmative Defenses"). In conjunction with the Amendment Motion, the

Defendant filed a separate motion requesting that the Bankruptcy Court hear the Amendment Motion on an expedited basis.

9.     On April 30, 2004, Plaintiff filed its *Notice of Intent to Object to Defendant's Motion for Leave to File Amended Answer* (the "Notice") in order to apprise the Bankruptcy Court that an objection was forthcoming.

10.     On May 10, 2004, Plaintiff timely filed the *Plaintiff's Opposition to Defendant's Motion for Leave to File Amended Answer* (the "Objection"). In the Objection, the Plaintiff argued, *inter alia,* that even assuming *arguendo* that the Defendant can satisfy the standard to amend its Answer under Fed. R. Civ. P. 15(a), and its waiver of the New Affirmative Defenses under Fed. R. Civ. P. 8(c) is otherwise excused,[1] pursuant to the Stipulation, wherein the Parties agreed that there shall be no further extensions, the Defendant waived its right to amend its Answer.

11.     On May 12, 2004, the Bankruptcy Court conducted a hearing (the "Hearing") and heard oral arguments from both Parties. At the conclusion of the Hearing, the Bankruptcy Court held (the "Order" or the "Decision") that, based on the Parties' contractual agreement in the Stipulation that there shall be no further extensions, the Defendant's Amendment Motion was denied.[2]

12.     On May 13, 2004, the Defendant filed the Motion, along with its *Motion for Stay Pending Appeal* (the "Stay Motion") and other related pleadings. In the Motion, the Defendant

---

[1] While Plaintiff does not concede his arguments that the Defendant's New Affirmative Defenses are futile and barred under Fed. R. Civ. P. 15 or 8, it is not necessary to revisit such arguments for the purposes of the Defendant's appeal. Because, as discussed in more detail below, the Bankruptcy Court's decision was based on the Parties' contractual agreement that there would be no further extensions, there is no reason to address the tenets of Fed. R. Civ. P. 15 or 8, or the purported merits of the New Affirmative Defenses. For this reason, Plaintiff declines to rehash his futility and Fed. R. Civ. P. 15 and 8 arguments in this Opposition, but reserves all rights with respect to same.

[2] Plaintiff was unable to procure a copy of the transcript from the hearing before submitting this Opposition. Plaintiff will make such transcript available should the Court scheduling a hearing on this matter.

argues, *inter alia*, that the District Court should grant leave to appeal the interlocutory order under 28 U.S.C. § 158(a)(3) pursuant to the purportedly relevant case law or pursuant to the collateral order doctrine.

### ARGUMENT

I.    **The Defendant May Not Appeal to Bankruptcy Court's Order as a Matter of Right, and for the Reasons Set forth in Sections II and III, the District Court Should Deny The Request for Leave to Appeal**

13.    A Bankruptcy Court order that only decides an intervening matter which requires further steps to be taken in order to enable the court to adjudicate the proceeding on the merits is a non-final interlocutory order. See In re Bank of New England Corp., 218 B.R. 643, 646 (1st Cir. B.A.P. 1998). Appeals of interlocutory orders are not granted as a matter of right. See Brae Asset Fund L.P. v. Kelly, 223 B.R. 50, 55 (D. Mass 1998). Instead, the District Court may, at its discretion, grant leave to hear such appeal. See 28 U.S.C. 158(a)(3); Stevens v. CSA, Inc., 271 B.R. 410, 412 (1st Cir. 2001); Brae Asset Fund, 223 B.R. at 55.

14.    Courts approach the decision whether to apply their discretionary authority to hear appeals of interlocutory orders with caution. Bank of New England, 218 B.R. at 652. Among other reasons, District Courts should not grant leave to appeal an interlocutory order when such appeal is trivial or lacking in overall significance. See Mass. v. Hale, 618 F.2d 143, 145 (1st 1980); Good Hope Refineries, Inc. v. R. D. Brashear, 588 F.2d 846, 847-48 (1st Cir. 1978). Further, both federal and bankruptcy courts maintain policies against piecemail appeals. See In re Cote, 200 B.R. 971, 972 (1st Cir. B.A.P. 1996).

15.    The Defendant's Motion goes beyond trivial or lacking in overall significance -- It is completely meritless. As discussed in more detail below, the Defendant has affirmatively misled the District Court by failing to apprise the District Court that the parties agreed in the

Stipulation that there would be no further extensions *and* by ignoring the clear and unequivocal

statements of the Bankruptcy Court that the Court's decision and the Order were predicated on

such language. For these reasons, the District Court should deny the Motion. Moreover, the

Motion promotes piecemail litigation and proposes no compelling reason why immediate appeal

is necessary.

      16.     Finally, even if the Court were to allow the Motion, the Defendant cannot satisfy

the applicable standards of review to succeed on its appeal. These arguments are discussed in

more detail *infra* at Sections II and III.

**II.    The Defendant has Misled the District Court by Failing to Inform the District Court
of the Language upon which the Bankruptcy Court based its Decision – the Parties'
Agreement that there would be _No Further Extensions_**

      17.     Conspicuously absent from the Defendant's Motion is the *sole* basis upon which

the Bankruptcy Court denied the Defendant's Amendment Motion – the language in the

Stipulation which reflects the Parties' contractual agreement that there shall be "no further

extensions" "to answer or otherwise move as to the Complaint." The Defendant's reason for

failing to include such language in its Motion is simple; in light of such agreement, the

Defendant's Motion is entirely without merit.

      18.     As set forth supra in paragraph 3, pursuant to the Stipulation, the Parties agreed

that "the time within which [D]efendant must answer or otherwise move as to the [C]omplaint in

the above captioned adversary proceeding be extended for a period of sixty (60) days, through

and including March 30, 2004. The [P]arties agree that *there shall be no further extensions*."

Stipulation at ¶ 1 (emphasis added). The practical effect of this extension was that the Plaintiff

allowed the Defendant approximately 90 days to draft a comprehensive answer or otherwise

move as to the Complaint. During the 90-day period, the Defendant had more than ample time

- 6 -

to file a motion to dismiss based on its alleged defenses of res judicata, estoppel and release. The Defendant affirmatively chose not to file any motion to dismiss. Instead, approximately 35 days after the expiration of the 90-day period, the Defendant sought to amend its Answer in direct contravention of its contractual obligation under the Stipulation.

19.    Judge Rosenthal recognized that, by its Amendment Motion, the Defendant sought an "end-run" around its contractual agreement with Plaintiff that there shall be no further extensions, and pursuant to such agreement, denied the Defendant's Amendment Motion. After hearing arguments from both Parties, Judge Rosenthal, at the conclusion of the Hearing, noted Plaintiff's extremely generous 90-day extension to the Defendant, and went on to clearly and unequivocally hold that based on the Parties' contractual agreement in the Stipulation that there shall be no further extensions, the Defendant's Amendment Motion was denied.

20.    In essence, Judge Rosenthal made the factual determination[3] that the Parties' contractual agreement that there "shall be no further extensions" to "answer or otherwise move as to the Complaint" encompassed the Defendant's Amendment Motion. Based on this factual determination, Judge Rosenthal, as a matter of law, denied the Amendment Motion. Implicit in such holding is that the proposition that Parties' contractual agreement that there shall be no further extensions trumped the Defendant's reliance on the liberality with which courts typically grant leave to amend under Fed. R. Civ. P. 15. As such, it was unnecessary for Judge Rosenthal to address the merits of the New Affirmative Defenses.

21.    The Defendant attempts to frame Judge Rosenthal's decision as a controlling question of law involving important legal issues of the type which warrant appellate review under 28 U.S.C. § 158(a)(3). In making such argument, the Defendant clearly ignores the basis

---

[3] While Judge Rosenthal did not issue a written opinion or bifurcate his findings of fact and law on the record, clearly, his interpretation as to the scope of the parties' contractual agreement was a finding of fact, and his application of such agreement to the Defendant's Amendment Motion was a decision of law.

of Judge Rosenthal's clear and unequivocal holding – because the Parties agreed that there would
be no further extensions, the Defendant is precluded from amending its Answer.

22.    Clearly, the Defendant cannot satisfy the requirements to confer appellate
jurisdiction to the District Court over interlocutory appeals under the collateral order doctrine or
28 U.S.C. § 158(a)(3). The collateral order doctrine and the case law espousing the standard for
leave to appeal under 28 U.S.C. § 158(a)(3) have four and three part tests, respectively. Both
tests require the moving party to satisfy all of the respective requirements.

23.    With respect to the collateral order doctrine, at a minimum, the Defendant cannot
meet at least two such requirements. First, the Defendant must show that the Order proposes an
important legal question. Here, the legal question, whether a party that has contractually waived
its ability to amend its answer subsequently may attempt to circumvent such waiver by citing to
Fed. R. Civ. P. 15, is not important in the context of its precedential value. See Bank of New
England, 218 B.R. at 650 (decision does not raise an important legal question where it holds
minimal precedential value); In re. X-Cel, Inc., 68 B.R. 131, 133 (N.D. Ill. 1986)(denying
applicability of collateral order doctrine because appeal from bankruptcy court orders did not
raise an important legal question). Further, the Defendant fails to satisfy a second requirement
because the Order is reviewable upon final appeal. See Bank of New England, 218 B.R. at 651
(to qualify as unreviewable for purposes of the collateral order doctrine, denial of immediate
appeal must 'render impossible any review whatsoever.'); cf. In re Fox, 241 B.R. 224, 233 (10th
Cir. B.A.P. 1999)(relying in part on the fact that the disputed issue was not unreviewable in
denying motion for leave to appeal pursuant to collateral order doctrine and 28 U.S.C. §
158(a)(3))

- 8 -

24.     Similarly, Defendant fails to satisfy at least two of the requirements with respect to a review under 28 U.S.C. § 158(a)(3). First, the Defendant cannot establish that the Order is a controlling question of law because the Defendant can still succeed on the alternative defenses that it did assert in the Answer. See Bank of America, 218 B.R. at 652 (citing Sandler v. Eastern Airlines, Inc., 649 F.2d 19, 20 (1st Cir. 1981), where the court of appeals denied a motion for leave to appeal from a district court order because the existence of an alternative theory of relief precluded characterizing the certified question of law as controlling); see also In re Babcock & Wilcox, 2004 U.S. Dist. LEXIS 5166, at *6 (E.D. La. March 29, 2004)(denying motion for leave to appeal interlocutory order of the bankruptcy court because putative appellant failed to demonstrate that the appeal raised a controlling question of law ). Further, the Order does not present the type of 'difficult and pivotal question of law' incorporated into the 'substantial ground for difference' of opinion requirement. See Bank of America, 218 B.R. at 653; see also In re Wittman, 2000 U.S. App. LEXIS 6214, at *6-7 (10th Cir. B.A.P. March 6, 2000)(denying motion for leave to appeal for failure to demonstrate "substantial ground for difference of opinion on the legal issue raised").

25.     The Defendant's attempts to resurrect its arguments with respect to the New Affirmative Defenses by citing to the liberality with which courts typically grant leave to amend is disingenuous because such liberal pleading standards do not exist in a vacuum. Try as it might, the Defendant cannot ignore its contractual agreement that there would be no further extensions. Accordingly, based on such contractual agreement between the Parties, the Bankruptcy Court correctly ignored Defendant's pleas with respect to the liberal pleading standards as inapposite.

26.    In sum, the Defendant has ignored the clear terms of Judge Rosenthal's Order and has affirmatively misled the District Court by failing to inform it of the Parties' agreement that there would be no further extensions. In light of such language, and Judge Rosenthal's factual finding related thereto, the Defendant's appeal is entirely without merit. While the Defendant may not wish to "come to grips" with respect to the clear terms of the Order, the Defendant, by omitting the relevant text of the Stipulation from its Motion, attempts to "pull the wool" over the eyes of the District Court. Accordingly, the District Court should deny the Motion and award Plaintiff costs and attorneys' fees associated with the Defendant's appeal.

**III.    Even if the District Court Granted the Defendant's Motion, the Defendant Cannot Satisfy the Applicable Standards of Review. Specifically, Defendant Cannot Establish that (a) the Bankruptcy Court's Factual Finding that the Stipulation's Language Regarding "No Further Extensions" Encompassed the Amendment Motion was Clearly Erroneous, or (b) that Based on Such Finding, that the Bankruptcy Court's Denial of the Amendment Motion was an Abuse of Discretion**

27.    Even assuming *arguendo* that the District Court granted the Defendant's Motion, in light of the Parties' agreement that there would be no further extensions, and Judge Rosenthal's factual finding that such language encompassed the Amendment Motion, the Defendant cannot overcome what, in the instant case, effectively are insurmountable standards of appellate review. In order to succeed on its Motion, the Defendant must establish the following.

28.    First, the Defendant must show that Judge Rosenthal's determination that the Parties' agreement that there would be "no further extensions" to "answer or otherwise move as to the Complaint" encompassed the Defendant's attempts to amend the Answer was clearly erroneous. As previously mentioned, Judge Rosenthal's interpretation of the language and scope of the Stipulation was a factual determination, which the District Court reviews applying the *clearly erroneous* standard of review. See In re Ralar, 182 B.R. 81, 82 (D. Mass. 1995); Fed. R.

Bankr. P. 8013 ("[o]n an appeal . . . [to] the district court . . . [f]indings of fact, whether based on oral or documentary evidence shall not be set aside unless clearly erroneous."); see also In re Winthrop Old Farm Nurseries, Inc., 50 F.3d 72, 73 (1st Cir. 1995) (mixed question of law and fact are subject to the clearly erroneous standard). A reviewing court gives considerable deference to the factual determination and discretionary judgments of the bankruptcy judge. See In re Ralar, 182 B.R. at 82; see also Fed. R. Bankr. P. 8013 ("due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses."). Recognizing that it could not satisfy this standard of review, the Defendant made no reference to the no further extensions language in its Motion and made no attempt to argue that Judge Rosenthal's factual determination with respect to the scope of same was clearly erroneous.

29.    Second, in light of such agreement, the Defendant would need to show that Judge Rosenthal's decision to deny the Amendment Motion because the Parties had agreed to no further extensions was an *abuse of discretion*. A bankruptcy court's applications of law may be set aside only if they are made in error or constitute an abuse of discretion. See Ralar, 182 B.R. at 82. In reviewing a motion for leave to amend, a court has "broad discretion." See Sheehan v. City of Gloucester, 321 F.3d 21, 26 (1st Cir. 2003); Coyne v. City of Somerville, 972 F.2d 440, 446 (1st Cir. 1992). Clearly, upon consideration of the Court's factual finding that the Parties' contractual agreement that there would be no further extensions encompassed the Defendant's attempt to amend its Answer, the Order denying the Defendant's Amendment Motion was within the Bankruptcy Court's broad discretion, and was not an abuse thereof.

30.    Recognizing that its argument was futile, the Defendant again chose not to include any reference to the no further extensions language in its Motion. As discussed *supra*, Defendant's attempt to ignore the clear basis of the Order and to characterize the interlocutory

- 11 -

Order as a controlling question of law involving important legal issues of the type which warrant appellate review is disingenuous. When all the facts surrounding the Order are brought to light, Defendant's Motion is exposed as futile and entirely without merit. For these reasons, the Defendant cannot satisfy the applicable standards of review, and thus, cannot succeed on its appeal. Accordingly, the District Court should deny the Motion.[4]

**WHEREFORE,** the LCEO respectfully requests that the District Court:

(i)    Enter an order denying Defendant's Motion;

(ii)   Award Plaintiff costs and attorneys' fees associated with his Opposition to Motion and related pleadings; and deny the request for leave

(iii)  Grant Plaintiff such other and further relief it is just and proper.

> **CRAIG R. JALBERT, LIQUIDATING CEO**
>
> By his attorneys,
>
> /s/ Joseph M. Downes III
> Douglas R. Gooding, P.C. (BBO# 558976)
> Joseph M. Downes III (BBO# 655853)
> CHOATE, HALL & STEWART
> Exchange Place
> 53 State Street
> Boston, MA  02109
> Phone (617) 248-5000
> Fax (617) 248-4000

Dated:  May 20, 2004

---

[4] In addition to the aforementioned arguments, Plaintiff states further that the District Court should deny the Motion because Defendant has failed to include with the Motion a copy of the order appealed from, as required under Fed. R. Bankr. P. 8003(a). See In re Michigan Molded Plastics, Inc., 1995 WL 871181, *4 (E.D. Mich 1995) (denying motion for failure to include copy of the order or judgment).

3698886v3