UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re | ) |
| | ) |
| | ) Chapter 11 Bankruptcy |
| ACT MANUFACTURING, INC. et al., | ) Case No. 01-47641-JBR |
| | ) (Substantively Consolidated) |
| Debtors. | ) |
| | ) |
| | ) |
| CRAIG R. JALBERT, LIQUIDATING | ) |
| CEO, AS REPRESENTATIVE OF THE | ) |
| ESTATE OF THE CONSOLIDATED | ) |
| DEBTORS, | ) |
| | ) |
| | ) Civil Action |
| Plaintiff, | ) No. 04-40088-PBS |
| | ) |
| v. | ) |
| | ) |
| ALCATEL USA MARKETING, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

## OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS APPEAL

To the Honorable Patti B. Saris, United States District Court Judge:

Pursuant to Fed. R. Bankr. P. 8011(a), defendant Alcatel USA Marketing, Inc.

("Marketing") hereby opposes the *Plaintiff's Motion to Dismiss Appeal* (the "Motion to

Dismiss") filed in this Court by the plaintiff, Craig R. Jalbert, the Liquidating CEO of the

substantively consolidated bankruptcy estates of ACT Manufacturing, Inc. and it affiliated

debtors (the "Debtors").

In support of the within opposition, Marketing states as follows:

### Background and Procedural History

1.    On December 21, 2001 (the "Petition Date"), ACT Manufacturing, Inc., CMC

Industries, Inc., ACT Manufacturing U.S. Holdings, LLC and ACT Manufacturing Securities

Corporation (collectively, the "Debtors") each filed a *Voluntary Petition* for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code").

2.    On December 17, 2003, plaintiff Craig R. Jalbert, Liquidating CEO ("Jalbert"), as Representative of the Estate of the Consolidated Debtors, filed the *Complaint* (the "Complaint") in this adversary proceeding (the "Adversary Proceeding"), wherein he asserted a claim pursuant to Bankruptcy Code § 547(b) to avoid and recover a series of payments that one or more of the Debtors allegedly made to Marketing during the ninety-day period prior to the Petition Date.

3.    On January 22, 2004, the parties entered into a *Stipulation Extending Time Within Which Defendant Must Answer or Move as to Complaint* (the "Stipulation"), wherein the parties agreed that:  (i) the time within which Marketing must answer or otherwise move as to the Complaint be extended for a period of sixty (60) days, through and including March 30, 2004; and (ii) there would be no further extensions of time within which Marketing must answer or otherwise move as to the Complaint.  By endorsement order dated January 23, 2004, the Bankruptcy Court approved the Stipulation.

4.    On March 29, 2004, Marketing filed its *Answer* (the "Answer") and served a copy of the same upon Jalbert.

5.    On April 2, 2004, the Bankruptcy Court entered its *Pretrial Order* wherein the Bankruptcy Court ordered that, *inter alia*:  (i) the parties were to confer pursuant to Fed. R. Bankr. P. 7026 and Fed. R. Civ. P. 26(f) and certify compliance of the same to the Bankruptcy Court; (ii) that discovery was to be completed within ninety (90) days after the date of that order; and (iii) setting the deadline for the filing of any dispositive motions.  The Bankruptcy Court's *Pretrial Order* did not, however, establish any deadline for the parties to amend any of their respective pleadings.

6.    On April 29, 2004, the parties, through their counsel, conducted a Rule 26(f) conference by telephone.  During the conference, Marketing requested, as it had earlier advised Jalbert that it would, that Jalbert assent to Marketing's filing of an *Amended Answer* to include the affirmative defenses of *res judicata*, estoppel, and release.  Jalbert, through his counsel, refused to assent to Marketing's request.

7.    On or about May 4, 2004, Marketing filed and served the Amendment Motion pursuant to Fed. R. Bankr. P. 7015 and Fed. R. Civ. P. 15(a), wherein Marketing sought leave to amend the Answer in order to assert the affirmative defenses of *res judicata*, estoppel, and release, without adding or changing any of Marketing's responses to the allegations in the Complaint, and without seeking to add any counterclaims as and against the Debtors or the Debtors' bankruptcy estate.

8.    On or about May 10, 2004, Jalbert filed and served the *Plaintiff's Opposition to Alcatel USA Marketing, Inc.'s Motion for Leave to File Amended Answer* (the "Objection") wherein Jalbert asserted that the Affirmative Defenses were futile, and further that Marketing had otherwise waived the same by entering into the Stipulation.[1]

9.    On May 12, 2004, the Bankruptcy Court held a hearing on the Amendment Motion and the Objection, a transcript of which is annexed hereto as Exhibit A, at which time the Bankruptcy Court denied the Amendment Motion for the reasons set forth on the record.  On

---

[1] At the hearing on the Amendment Motion and the Objection, Jalbert also argued that the issue then before the Bankruptcy Court was resolved by the Bankruptcy Court's decision in In re Bankvest Capital Corp., 276 B.R. 12 (Bankr. D. Mass. 2002), aff'd Fleet Nat'l Bank v. Gray, 2003 WL 1700978 (D. Mass., March 28, 2003).  That case, however dealt with the issue of whether an estate representative has standing to pursue claims and causes of action belonging to the debtor's bankruptcy estate.  As Marketing has not challenged Jalbert's standing as an estate representative to pursue the Debtors' claims and causes of action *generally*, but rather only that he is estopped or otherwise precluded from pursuing the particular claim or cause of action against *Marketing*, the Bankvest Capital Corp. case is inapplicable.

May 13, 2004, Marketing filed with the Bankruptcy Court its notice of appeal pursuant to Fed. R.

Bankr. P. 8001 and a motion for leave to appeal pursuant to Fed. R. Bankr. P. 8003.

10.   On May 13, 2004, Marketing also filed with the Clerk of the Bankruptcy Court its

*Motion for Stay Pending Appeal* pursuant to Fed. R. Bankr. P. 8005 wherein Marketing sought

an order of the Bankruptcy Court suspending the Adversary Proceeding pending an appeal of the

Order by Marketing.  On May 20, 2004, Jalbert filed with the Bankruptcy Court his opposition to

the *Motion for Stay Pending Appeal*, after which the Bankruptcy Court scheduled a hearing on

that matter for June 2, 2004 at 9:30 a.m.

### Marketing's Opposition to the Motion to Dismiss[2]

11.   In his Motion to Dismiss, Jalbert seeks the dismissal of this appeal on his claim that

the face of the record purportedly makes clear that in denying the Amendment Motion the

Bankruptcy Court could not have committed an error of law in construing the Stipulation --  a

purely *procedural* agreement between the parties governing the timing of when Marketing would

finally be required to answer or otherwise respond to Jalbert's complaint  -- as a *substantive*

waiver by Marketing of certain affirmative defenses and rights to amend its pleadings under Fed.

R. Civ. P. 15(a).  Jalbert further argues in the Motion to Dismiss, based upon the foregoing

premise, that any appeal by Marketing of the Bankruptcy Court's denial of the Amendment

Motion is futile given the applicable standards of review that Jalbert claims would be applied on

appeal.  However, as more fully set forth herein, this Court should deny the Motion to Dismiss

because Jalbert has failed to recognize that the proper standards of review require a plenary

---

[2] As an initial matter, the Motion to Dismiss seeks the dismissal of an interlocutory appeal that
this Court has yet to determine if it will permit Marketing to pursue at this juncture.  Therefore,
Marketing submits that the Motion to Dismiss is not yet ripe for adjudication.

inquiry of the record which does not in anyway diminish the likelihood that Marketing will succeed on the merits of its appeal.

12.     Contrary to Jalbert's assertion that the Bankruptcy Court's determination that the Stipulation constituted a substantive waiver by Marketing was a finding of fact reviewable only for clear error, that determination was, in actuality, a *legal* interpretation of the parties contract that is subject to plenary review.  See Shaw's Supermarkets , Inc. v. United Food and Comm. Workers Union, Local 791, AFL-CIO, 321 F.3d 251, 253-54 (1st Cir. 2003) (issues of contract interpretation reviewable *de novo*).  Therefore, if this Court grants Marketing leave to appeal the Order, Marketing submits that a much broader review of the Bankruptcy Court's legal conclusions regarding the Stipulation would be appropriate, rather than that suggested to this Court by Jalbert.  As such, any such appeal is not rendered futile due to the standard of review to be applied on appeal.

13.     Additionally, this Court should deny the Motion to Dismiss because Marketing is likely to succeed on the merits of the other issues on the appeal it seeks leave to pursue. Specifically, the United States Court of Appeals for the First Circuit has stated that a motion under Fed. R. Civ. P. 15(a) to amend a party's pleading is properly denied only when the proposed amendment to the pleading in question would be futile, or is otherwise advanced in bad faith or for the purpose of causing undue delay in the proceedings.  See Maine State Bldg. and Constr. Trades Council, AFL-CIO v. United States Dept. of Labor, 359 F.3d 14, 18-19 (1st Cir. 2004).  Absent one of these reasons in the record, leave to amend a pleading requested under Fed. R. Civ. P. 15(a) "*shall* be freely given when justice so requires."  Id. (citing Fed. R. Civ. P. 15(a)) (emphasis supplied); see also Foman v. Davis, 371 U.S. 178, 182 (1962) (noting that mandate of Fed. R. Civ. P. 15(a) "is to be heeded").

14.    The record before the Bankruptcy Court is devoid of any dilatory conduct or improper motive on the behalf of Marketing.  See Scott v. Crescent Tool Co., 306 F. Supp. 884, 886-87 (N.D. Ga. 1969).  The parties agreed to a brief extension of time in which Marketing was to file its Answer, and thereafter the parties promptly conferred pursuant to Fed. R. Civ. P. 26(f) and the Bankruptcy Court's *Pretrial Order*, during which the parties immediately discussed the amendment proposed by Marketing.  Moreover, even after Jalbert refused to agree to an amendment of the Answer, the Amendment Motion was promptly filed with the Bankruptcy Court only thirty-five (35) days after the Answer, and prior to any discovery requests or depositions by either party.  Therefore, the record is clear that Marketing did not in any way interpose the Amendment Motion in bad faith, or for the purpose of delaying the Adversary Proceeding.  As such, it is not inconceivable that an appellate court would conclude that the Bankruptcy Court's denial of the Amendment Motion constituted an abuse of that court's discretion.

15.    In addition, the defenses Marketing seeks to add by way of the Amendment Motion cannot be considered futile.  It is well settled in the jurisprudence of the Commonwealth of Massachusetts that the law favors the enforcement of releases, see Sharon v. City of Newton, 769 N.E.2d 738, 744 (Mass. 2002), and that a party may contractually exempt itself from present, and even future liability to another, see id.  Therefore, when two parties enter into a valid and binding contract in which one or more of those parties grants to the other a general release of all claims, that release may be asserted as complete and total bar to recovery by the other party.  See Schuster v. Baskin, 236 N.E.2d 205, 208 (Mass. 1968) (release covering "all claims and demands" given preclusive effect even when parties not aware of all claims in existence at time of execution of release).  Moreover, during the confirmation process in their Chapter 11

6

proceedings, the Debtors ratified their release of the claims asserted against Marketing, and as a result, Jalbert, as the estate representative, is now estopped, or is otherwise precluded under principles of *res judicata* from pursuing those released claims.  See e.g., Browning v. Levy, 283 F.3d 761 (6th Cir. 2002); P.A. Bergner & Co. v. Bank One, Milwaukee, N.A. (In the Matter of P.A. Bergner & Co.), 140 F.3d 1111 (7th Cir. 1998); D&K Properties Crystal Lake v. Mutual Life Ins. Co. of New York, 112 F.3d 257 (7th Cir. 1997); Mickey's Enterprises, Inc. v. Saturday Sales, Inc. (In re Mickey's Enterprises, Inc.), 165 B.R. 188 (Bankr. W.D. Tex. 1994). Consequently, any interlocutory appeal by Marketing permitted by this Court should not be dismissed on the grounds that it is futile because the applicable standards of review will not, at the outset, preclude Marketing from prevailing on the merits of the appeal.

**WHEREFORE**, Marketing respectfully requests that this Court enter an order:  (i) denying the Motion to Dismiss in its entirety; and (ii) granting to Marketing such other and further relief as the Court deems proper and just.

ALCATEL USA MARKETING, INC.

By its attorneys,

/s/ Michael J. Fencer

_____
Bruce F. Smith (BBO No. 467900)
Steven C. Reingold (BBO No. 638649)
Michael J. Fencer (BBO No. 648288)
JAGER SMITH P.C.
One Financial Center
Boston, Massachusetts 02111
telephone: (617) 951-0500
facsimile: (617) 951-2414
email: mfencer@jagersmith.com

- and -

Joseph A. Friedman, Esq. (Admitted PHV)
KANE, RUSSELL, COLEMAN & LOGAN, P.C.
3700 Thanksgiving Tower
1601 Elm Street
Dallas, Texas 75201
telephone: (214) 777-4200
facsimile: (214) 777-4299
email: friedmj@krcl.com

Dated: June 1, 2004

## CERTIFICATE OF SERVICE

I, Michael J. Fencer, hereby certify that on the 1st day of June, 2004, I caused a true and accurate copy of the within *Opposition to Plaintiff's Motion to Dismiss Appeal* to be served upon counsel for plaintiff, Douglas R. Gooding, Esq. and Joseph M. Downes III, Esq., Choate, Hall & Stewart, Exchange Place, 53 State Street, Boston, Massachusetts 02109, via first class mail, postage prepaid.

/s/ Michael J. Fencer

_____
Michael J. Fencer